## PEARL STREET SAVINGS & TRUST CO v SMOLENSKY

Ohio Appeals, 9th Dist, Summit Co

No 2219.  Decided July 6, 1933

Frederick F. Hunt, Cleveland, and Wm. E. Snyder, Akron, for plaintiff in error.

A. W. Bell, Cleveland, and C. L. Case, Akron, for defendant in error.

FARR, J (7th Dist) sitting in place of WASHBURN, PJ.

**OPINION**

By FARR, J.

Coming first to the issues raised by the motion, it is stipulated and disclosed by the record that a notice was served, but it is claimed that it was not served in accordance with §11565, GC, which provides that the clerk of courts, upon the filing of a bill of exceptions, shall serve notice upon the adverse party, for the purpose of allowing the period of ten days in which to file objections. However, in view of the stipulation that notice was served, though not by the clerk, such a notice was sufficient, and especially in view of the maxim that "the law does not require a vain thing."

Second, it is claimed that the order setting the judgment aside below was not such a final order as from which error could be prosecuted.

It will be recalled that a judgment in the instant case was taken at the January term of court, to-wit, on March 16, 1932, and that it was set aside at the next succeeding term. Therefore, this issue is settled in the case of Makranczy v° Gelfand, Admr., 109 Oh St 325, where it is held, in the second proposition of the syllabus, that such order is a final order, and that an error proceeding must be commenced within seventy days. Therefore it follows that the motion to dismiss or strike the petition from the files must be overruled.

Coming now to the merits of the cause, it may be said that the entry made upon the motion setting the judgment aside, while not probably entirely regular in form, is sufficient under the circumstances of this case and in view of the fact that the presumption is in favor of regular official action. The bill of exceptions discloses that counsel for both parties appeared; and while it recites that no testimony was offered, yet said counsel were present in court at the time of the hearing and must have submitted the motion in the way and manner acceptable to them, and, as above stated, the presumption is in favor of the regular action of the court; nor is there any reason why Smolensky should not have his day in court.

The cause having been submitted by counsel upon both sides. it follows, therefore, that the judgment must be affirmed, and it is so ordered, and the cause is remanded to the Court of Common Pleas for such proceedings as are authorized by law.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.